```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JENIERE K. EVANS,                                                :
                                                                 :
                                Plaintiff,                       :
                                                                 :   21 Civ. 8660 (JPC)
                -v-                                              :
                                                                 :   OPINION AND ORDER
THE CITY OF NEW YORK et al.,                                     :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      Plaintiff Jeniere K. Evans, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York and Samaritan Daytop Village, asserting claims for false arrest, false imprisonment, harassment, and emotional distress. The City of New York moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court grants the City of New York's motion and dismisses the Complaint as to that Defendant.

## I. Background

### A. Facts[1]

      This action arises from Evans's arrest on an unspecified date in July 2021. Compl. ¶ 3. At the time of his arrest, Evans was residing at a shelter facility in Brooklyn, New York, operated by

---

[1] The following facts, which are assumed true for purposes of this Opinion and Order, are taken from the Complaint. Dkt. 2 ("Compl."). Because Evans appears *pro se*, the Court also considers allegations asserted in his opposition to the City of New York's motion to dismiss, Dkt. 15 ("Opposition"), so long as they are consistent with the facts he alleges in the Complaint. *See Lugo-Young v. Courier Network, Inc.*, No. 10 Civ. 3197 (RRM), 2012 WL 847381, at *1 n.2 (E.D.N.Y. Mar. 13, 2012); *Richardson v. Dep't of Corr.*, No. 10 Civ. 6137 (SAS), 2011 WL 710617, at *3 n.46 (S.D.N.Y. Feb. 28, 2011).

Samaritan Daytop Village.  Opposition at 5.  Evans alleges that prior to his arrest, he was involved in a verbal and physical altercation with an individual with whom he was sharing a room.  *Id.*  The altercation occurred, according to Evans, after he kicked the door to their room at around 10:00 p.m., angering his roommate.  *Id.*  During the altercation, Evans's roommate "shoulder bumped/pushed [Evans] knocking him backwards."  *Id.*  In response, Evans "then punched [his roommate] in the face, knocking him to the floor."  *Id.*  At this point, members of the shelter staff who had been present during the altercation called the police.  Compl. ¶ 3; Opposition at 5.  When the police officers arrived at the shelter, Evans was arrested and detained at the 68th Precinct in Brooklyn, New York.  Compl. ¶ 3; Opposition at 5.  Evans alleges that he was wrongfully arrested and imprisoned "[a]s a result of the [shelter] witness[] and [the police] officer misrepresenting the facts, and [as a result of] malicious actions" by Defendants.  Opposition at 5.  Evans alleges that Defendants' actions were "designed to embarrass, and damage" him.  Compl. ¶ 4.  According to Evans, because "[t]he information in the affidavits, and complaints [was] not true," the charges against him were dismissed for "lack of evidence."  *Id.* ¶ 3.  Evans further alleges that, due to Defendants' "malicious, intentional, willful, and reckless disregard" for his rights, *id.* ¶ 6, he "suffered harm to his reputation, humiliation, embarrassment, mental anguish, and distress," *id.* ¶ 5.

**B. Procedural History**

Evans filed the Complaint on October 21, 2021, asserting claims for false arrest, false imprisonment, harassment, and emotional distress under section 1983.  *See* Compl. at 9-10.  The City of New York filed its motion to dismiss the Complaint on December 30, 2021.  Dkt. 13 ("Motion").[2]  The Motion argues that the Court should dismiss the entirety of Evans's claims

---

[2] Samaritan Daytop Village filed its Answer to the Complaint on April 1, 2022.  Dkt. 28.

2

against the City of New York because the Complaint fails to allege municipal liability under section 1983 and because Evans cannot establish an underlying constitutional violation. *Id.* at 3-6. Evans opposed the Motion on January 19, 2022. *See* Opposition. The City of New York did not file any reply in further support of its Motion.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *Lafaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

The Court must construe *pro se* submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks omitted). But a *pro se* complaint still "must state a plausible claim for relief." *Id.* "Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).

### III. Discussion

#### A. Municipal Liability

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court recognized that a municipality can be liable under section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Put simply, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is *caused by* a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (emphasis added); *Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). A plaintiff may plead facts of a policy or custom by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by governmental officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policymaker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Jones v. Westchester Cnty.*, 182 F. Supp. 3d 134, 158 (S.D.N.Y. 2016) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)). "Absent such a custom, policy, or

usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80; *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004) (recognizing that because "[d]emonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees," "the employer-employee relationship is in itself insufficient to establish the necessary causation").

The Complaint is devoid of any allegation to establish the existence of an unconstitutional municipal policy or custom that caused Evans's injuries. In his Opposition, Evans acknowledges that "the only way a plaintiff can hold a municipality liable for the violation of laws caused by a police officer, is to show that those violations are connected to policies of the municipality." Opposition at 8-9. Evans then proceeds to argue that "[t]here was a failure to properly execute a procedure under [New York Criminal Procedure Law] § 140.10, based on insufficient reasonable cause, and as a result of the police officer improperly executing the procedure, the plaintiff's [Fourth] [A]mendment rights were violated under the U.S. Constitution, making a False Arrest, and Imprisonment[.]" *Id.* at 9. But this is insufficient to establish municipal liability under section 1983. As an initial matter, Evans fails to identify any policy or custom underlying the individual police officer's failure to properly execute a procedure under section 140.10 and "conclusory allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Rennalls v. Alfredo*, No. 12 Civ. 5300 (KMK), 2015 WL 5730332, at *8 (S.D.N.Y. Sept. 30, 2015).

Moreover, a single instance of allegedly unconstitutional conduct generally is insufficient to impose municipal liability. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under

*Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) ("[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State."); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation."). Rather, to impose municipal liability under section 1983, "a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008). Because Evans fails to allege an unconstitutional policy or custom by the City of New York, the Court dismisses the Complaint as to this Defendant.[3]

### B. Leave to Amend

Finally, the Court considers whether to permit Evans leave to file an amended complaint. Although Evans has not sought such relief, the Second Circuit has noted that "[o]rdinarily, *pro se* complaints should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives 'any indication' that a valid claim might be stated." *Johnson v. Dobry*, 660 F. App'x 69, 71 (2d Cir. 2016) (citing *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). A district court, however, need not grant leave to amend when amendment would be "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."

---

[3] Because the Court dismisses Evans's section 1983 claims against the City of New York for failure to allege a municipal policy or custom that caused Evans's injuries, the Court does not reach whether Evans sufficiently alleges an underlying constitutional violation. *See* Motion at 5-6; Opposition at 9-15.

*Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Here, the Court finds that, construing the allegations in the Complaint as liberally as possible, Evans will not be able to sufficiently plead a *Monell* claim against the City of New York in accordance with *Iqbal* and *Twombly*.

Moreover, "the Court has liberally construed [Evans]'s opposition to the motion to dismiss in a way that it effectively amounts to another pleading."  *Dash v. Mayers*, No. 19 Civ. 414 (GBD) (JLC), 2020 WL 1946303, at *9 (S.D.N.Y. Apr. 23, 2020), *report and recommendation adopted*, 2020 WL 3057133 (S.D.N.Y. June 9, 2020); *accord Lang v. New York City Health & Hosps. Corp.*, No. 12 Civ. 5523 (WHP), 2013 WL 4774751, at *4 (S.D.N.Y. Sept. 5, 2013) ("[C]ourts have construed allegations in *pro se* oppositions as motions to amend in view of the duty to construe *pro se* filings liberally.").  In his Opposition, Evans acknowledges that "the only way a plaintiff can hold a municipality liable for the violation of laws caused by a police officer, is to show that those violations are connected to policies of the municipality."  Opposition at 8-9.  Nevertheless, he proceeds to conclusorily argue that "[t]here was a failure to properly execute a procedure under § 140.10, based on insufficient reasonable cause, and as a result of the police officer improperly executing the procedure, the plaintiff's [Fourth] [A]mendment rights were violated under the U.S. Constitution, making a False Arrest, and Imprisonment[.]"  *Id.* at 9.  As discussed above, this is insufficient to state a claim for municipal liability under section 1983.

Therefore, because Evans has effectively had an opportunity to amend the Complaint through his Opposition, and neither the Complaint nor the Opposition, construed liberally, states a viable claim for municipal liability, nor indicates that a valid claim for municipal liability might be stated, the Court does not grant Evans leave to amend his pleadings as to the City of New York.

### IV. Conclusion

For the foregoing reasons, the Court grants the City of New York's motion to dismiss with prejudice. The Clerk of Court is respectfully directed to close the motion pending on Docket Number 12 and to dismiss the City of New York from this action. The Clerk of Court is further directed to mail a copy of the Opinion and Order to the *pro se* Plaintiff and note service on the Docket.

SO ORDERED.

Dated: April 20, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge