UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
JENIERE K. EVANS,                                       :
                                                        :
                        Plaintiff,                      :
                                                        :                21 Civ. 8660 (JPC)
            -v-                                          :
                                                        :                ORDER
SAMARITAN DAYTOP VILLAGE, INC.,                         :
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On April 4, 2022, Plaintiff Jeniere K. Evans, proceeding *pro se*, filed an affidavit requesting

that the Court grant Plaintiff's request for a default judgment against Defendant Samaritan Daytop

Village, Inc. on the basis that Defendant was ten days late in responding to the Complaint.  Dkt. 29.

On April 12, 2022, Defendant filed an affidavit and supporting documents in opposition to

Plaintiff's request for default judgment.  Dkt. 32.  In its affidavit, Defendant argued that the Court

should deny Plaintiff's request for a default judgment because Defendant's default was not willful,

Defendant has meritorious defenses against Plaintiff's claims, and Plaintiff cannot show any

prejudice suffered due to Defendant's ten-day delay in filing its Answer.  *Id.* ¶¶ 11-22.  In an Initial

Case Management Order filed on April 27, 2022, the Honorable Barbara C. Moses, to whom the

undersigned has referred this case for general pretrial supervision, "construe[d] plaintiff's

'Affidavit Requesting a Default Judgment' (Dkt. No. 29) as a motion for the entry of a default

judgment against defendant Samaritan Daytop Village, Inc., as a penalty for defendant having filed

its answer ten days late, and DENIE[D] the motion."  Dkt. 34 ¶ 2.  Specifically, Judge Moses found

that "Defendant's error was at worst negligent, was promptly corrected (*before* plaintiff sought a

default), and has caused plaintiff no identifiable prejudice."  *Id.*

Because default judgment is a dispositive matter, the Court construes Judge Moses's order as a report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(B); *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17 Civ. 816 (LGS), 2018 WL 4405606, at \*1 (S.D.N.Y. Sept. 17, 2018) (construing an order by a magistrate judge on a dispositive matter as a report and recommendation). Accordingly, the parties have fourteen days from the service of Judge Moses's Initial Case Management Order, Dkt. 34, to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)).  A party may respond to the other party's objections within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to Chambers via email at CronanNYSDChambers@nysd.uscourts.gov, and to the opposing party.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for extension of time for filing objections must be addressed to the undersigned.  The failure to file timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Am.*, 474 U.S. 140 (1985).

SO ORDERED.

Dated: May 2, 2022
      New York, New York

JOHN P. CRONAN
United States District Judge