UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENIERE K. EVANS,

                 Plaintiff,

                 -v-

SAMARITAN DAYTOP VILLAGE, INC.,

                 Defendant.
----------------------------------------------------------------X

21 Civ. 8660 (JPC) (BCM)

ORDER

JOHN P. CRONAN, United States District Judge:

    Plaintiff Jeniere K. Evans, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, asserting claims for false arrest, false imprisonment, harassment, and emotional distress. On April 4, 2022, Plaintiff filed an affidavit requesting that the Court grant his request for a default judgment against Defendant Samaritan Daytop Village, Inc. on the basis that Defendant was ten days late in responding to the Complaint. Dkt. 29. On April 12, 2022, Defendant filed an affidavit and supporting documents in opposition to Plaintiff's request for default judgment. Dkt. 32. In its affidavit, Defendant argued that the Court should deny Plaintiff's request for a default judgment because Defendant's default was not willful, Defendant has meritorious defenses against Plaintiff's claims, and Plaintiff cannot show any prejudice suffered due to Defendant's ten-day delay in filing its answer. *Id.* ¶¶ 11-22. In an Initial Case Management Order filed on April 27, 2022, the Honorable Barbara C. Moses, to whom the undersigned has referred this case for general pretrial supervision, "construe[d] plaintiff's 'Affidavit Requesting a Default Judgment' (Dkt. No. 29) as a motion for the entry of a default judgment against defendant Samaritan Daytop Village, Inc., as a penalty for defendant having filed its answer ten days late, and DENIE[D] the motion."

Dkt. 34 ¶ 2 ("R&R").  Specifically, Judge Moses found that "Defendant's error was at worst negligent, was promptly corrected (*before* plaintiff sought a default), and has caused plaintiff no identifiable prejudice."  *Id.*

Because default judgment is a dispositive matter, by an order dated May 2, 2022, the undersigned construed Judge Moses's Order as a Report and Recommendation and advised the parties that they have "fourteen days from the service of Judge Moses's Initial Case Management Order . . . to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  Dkt. 35 at 2.  The Court directed that "[s]uch objections shall be filed with the Clerk of the Court, with courtesy copies delivered to Chambers via email at CronanNYSDChambers@nysd.uscourts.gov, and to the opposing party."  *Id.*  The Court further warned the parties that "[t]he failure to file timely objections will result in a waiver of those objections for purposes of appeal."  *Id.*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the Court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The undersigned's May 2, 2022 Order, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  Dkt. 35 at 2.  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived

the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d. Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety and denies Plaintiff's motion for the entry of a default judgment against Defendant.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note service on the docket.

SO ORDERED.

Dated: May 23, 2022
New York, New York

JOHN P. CRONAN
United States District Judge